RICHARD RAMBO *vs.* THE WILMINGTON & PHILADELPHIA
TURNPIKE COMPANY.

Commutation not allowable for a *part* of this road only.

CASE for not permitting plff. to commute for travelling on a part of the turnpike road.

The question in this case was, whether under the 27th section of the act incorporating this turnpike company, an individual had a right to commute for the use of a *part* only of the road.   4 *Del. L.* 644; 5 *do.* 170.   The plff. contended that the law allows a commutation for any one, two, or more miles of the road, at one dollar per mile; and the deft. insisted that commutation was allowable only for the use of the whole road, the amount however to be determined by the extent as well as the frequency of the travelling.   The plff. had tendered the company the necessary advance on a commutation for the privilege of travelling two miles of the road at the rate of two dollars per year, which the company refused, and required three dollars for the privilege of the whole road.   This was proved to have been the uniform mode of commuting.

The *Court* were of opinion on a construction of the acts of assembly in relation to this turnpike company, that an individual had no right to commute for the use of a *part* only of the road. The act of incorporation provides for "an annual contract for the use of the said road," and entitles the commutant "to all the benefits of the same" for one dollar per mile; and if this sum is considered unreasonable or disproportionate to the number of the commutant's family "and their use of the said road," ample provision is made for reducing the rate to a sum proportioned to the use of the road as well in extent as the frequency of the travelling. No injustice, therefore, can be done to a commutant who ordinarily uses but a small portion of the road, by requiring him to contract for the privilege of the whole road; and such seems to be the proper meaning of the law.

Plaintiff nonsuited.

*J. A. Bayard* for plff.
*Hamilton* for deft.